PREMO v GENERAL MOTORS CORPORATION

Docket No. 161661. Submitted February 8, 1995, at Grand Rapids. Decided April 21, 1995, at 10:15 A.M.

Linda L. Premo and others brought an action in the Saginaw Circuit Court against General Motors Corporation, seeking damages for injuries she sustained when the vehicle in which she was riding was struck by a vehicle owned and driven by Eugene R. Kusowski, an off-duty employee of General Motors, who allegedly was intoxicated at the time of the accident. The accident occurred approximately 1½ hours after Kusowski left work. The plaintiffs alleged that Kusowski had consumed alcohol before, during, and after work and that General Motors had a duty not to allow Kusowski to leave work in an intoxicated state, noting the employer's policy of not allowing employees to leave while intoxicated, detaining them, and arranging alternative transportation. The court, William A. Crane, J., granted summary disposition for the defendant. The plaintiffs appealed.

The Court of Appeals *held:*

The trial court properly concluded that the defendant did not owe Linda Premo a duty to detain Kusowski and arrange alternative transportation for him. The employer-employee relationship between the defendant and Kusowski did not give rise to a duty to Premo. The defendant's internal policy of preventing intoxicated employees from driving did not, as a matter of public policy, amount to the defendant's assumption of a duty to protect the public at large.

Affirmed.

TORTS — MASTER AND SERVANT — DUTY — THIRD PARTIES.

The special relationship between an employer and an employee does not of itself require the employer to protect third parties from off-premises injuries caused by the employee, either by supervising the employee's consumption of alcohol or providing the employee alternative transportation home.

REFERENCES

Am Jur 2d, Master and Servant § 425.
See ALR Index under Labor and Employment.

*Mossner, Majoros & Alexander, P.C.* (by *T. L. Majoros* and *William S. Pearson*), for the plaintiffs.

*Lippert & Humphreys, P.C.* (by *A. T. Lippert, Jr.*), for the defendant.

Before: MURPHY, P.J., and MACKENZIE and HOEKSTRA, JJ.

MACKENZIE, J. This case involves a negligence claim. Plaintiffs appeal as of right from an order granting summary disposition for defendant pursuant to MCR 2.116(C)(8). We affirm.

Plaintiff Linda Premo was injured when the vehicle in which she was riding was struck by a vehicle owned and driven by Eugene R. Kusowski, an off-duty employee of defendant General Motors, who was allegedly intoxicated at the time of the accident.

Plaintiffs alleged that Kusowski was supposed to work at defendant's plant on June 8, 1991, from 4:00 P.M. until midnight, but that he left the workplace without authorization at approximately 11:00 P.M. They alleged that he consumed alcohol before and during work, and that when he left defendant's premises at 11:00 P.M., he went directly to a bar and consumed more alcohol. The accident occurred approximately 1½ hours later, at 12:30 A.M. on June 9, 1991.

The trial court dismissed plaintiffs' negligence claim on the basis that they had failed to plead an actionable legal duty. Plaintiffs' complaint alleged that General Motors had a policy or "practice, procedure and/or custom" of not allowing employees to leave the plant in their automobiles while intoxicated, but instead detaining them and arranging alternative transportation to their homes. Plaintiffs alleged that this practice was for the

protection of both the employee and the motoring public, and that, therefore, General Motors owed Premo, as a member of the motoring public, a duty not to allow Kusowski to leave the plant in his automobile in an intoxicated state.

On appeal, plaintiffs contend that the trial court erred in concluding that General Motors did not owe Premo a duty to detain Kusowski and arrange alterative transportation for him. We disagree.

The employer-employee relationship between defendant and Kusowski did not give rise to a duty to Premo. Although fundamentally a dramshop case, *Millross v Plum Hollow Golf Club,* 429 Mich 178; 413 NW2d 17 (1987), is instructive here. In *Millross,* an employer served cocktails to an employee at a workplace dinner. While driving home, the employee struck and killed the plaintiff's decedent. The plaintiff sued the employer, alleging that it was negligent in failing to properly supervise the employee or provide him with an alternative means of transportation home. The Supreme Court held that "the special relationship between employer and employee does not of itself require the employer to protect third parties from off-premises injuries, either by supervising the consumption of alcohol or providing alternate transportation." 429 Mich 196. See also 2 Restatement Torts, 2d, § 317, p 125.

Plaintiffs acknowledge the holding of *Millross,* but contend that they nevertheless have stated a claim based on the principle that one who voluntarily assumes a duty has an obligation to exercise some degree of care and skill in the performance of what he has undertaken. See *Lindsley v Burke,* 189 Mich App 700, 704; 474 NW2d 158 (1991); 2 Restatement Torts, 2d, § 324A, p 142. Plaintiffs' reliance on this principle is misplaced. Defendant's internal policy of preventing intoxicated employ-

ees from driving did not, as a matter of public policy, amount to General Motors' assumption of a duty to protect the public at large. See *Buczkowski v McKay,* 441 Mich 96, 99, n 1; 490 NW2d 330 (1992). The trial court's opinion aptly states the public policy reasons militating against imposing a duty under these facts.

> Significant and compelling public policy reasons support a conclusion of an insufficient "undertaking" in this case. Alcohol and substance abuse is a serious societal problem causing significant human suffering and economic loss. In the work setting alcohol use and related problems undoubtedly cost employers and the national economy hundreds of millions, if not billions, of dollars each year in lost work time, efficiency, product quality, health and medical costs, workers' compensation, etc. To impose liability upon an employer who, by means of work rules, policies, etc. undertakes to address the problem of alcohol use and/or abuse is clearly against public policy and would encourage employers to abandon all efforts which could benefit such employees in order to avoid future liability.

Questions regarding duty are for the court to decide as a matter of law. *Williams v Cunningham Drug Stores, Inc,* 429 Mich 495, 500; 418 NW2d 381 (1988). Duty involves the question whether the defendant is under any obligation for the benefit of the particular plaintiff and concerns the problem of the relationship between individuals that imposes upon one a legal obligation for the benefit of the other. *Buczkowski, supra,* p 100, citing *Friedman v Dozorc,* 412 Mich 1, 22; 312 NW2d 585 (1981). It is an expression of the sum total of those considerations of policy that leads the law to say that the plaintiff is entitled to protection. *Buc-*

*zkowski, supra.* In this case, the relationship between defendant and Premo was too remote to obligate defendant to protect her.

Affirmed.