PETERS v DEPARTMENT OF CORRECTIONS

Docket No. 176416. Submitted November 8, 1995, at Grand Rapids. Decided February 16, 1996, at 9:15 A.M. Leave to appeal sought.

Eleanor Peters, as personal representative of the estate of Leo P. Peters, brought an action in the Court of Claims against the Department of Corrections, seeking damages for the alleged wrongful death of Leo Peters, who was killed by a prison escapee who had broken into the home of Leo Peters' son. The court, William E. Collette, J., granted summary disposition for the defendant, rejecting the plaintiff's claim that the action fell within the trespass-nuisance exception to governmental immunity from tort liability. The plaintiff appealed.

The Court of Appeals *held*:

The trespass-nuisance exception applies to trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents and that results in personal or property damage.

In this case, the element of causation or control by government is lacking. Although the defendant may have maintained a nuisance, i.e., an insecure prison system, the decedent's death did not result from the maintenance of an insecure prison system but from the prison escapee's independent actions following escape.

Affirmed.

*Petrucelli & Petrucelli, P.C.* (by *Vincent P. Petrucelli*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Thomas A. Kulick,* Assistant Attorney General, for the defendant.

Before: O'CONNELL, P.J., and BANDSTRA and J. M. BATZER,* JJ.

PER CURIAM. Plaintiff, Eleanor Peters, sued de-

* Circuit judge, sitting on the Court of Appeals by assignment.

fendant, the Michigan Department of Corrections, for the alleged wrongful death of Leo Paul Peters. The trial court granted summary disposition to defendant pursuant to MCR 2.116(C)(7) (governmental immunity) and (C)(8) (failure to state a claim). Plaintiff appeals as of right, and we affirm.

Plaintiff is the personal representative of the estate of Leo Peters, who was killed by an escaped convict. William Solomon was serving a sentence for armed robbery and was housed at the Camp Cusino prison camp under the control of defendant. Solomon was sent to a job site outside the prison. He made his escape from that site and broke into the home of Patrick Peters, Leo's son. Leo Peters arrived at the house while Solomon was there and was fatally shot.

We review a grant of summary disposition de novo. *Borman v State Farm Fire & Casualty Co,* 198 Mich App 675, 678; 499 NW2d 419 (1993), aff'd 446 Mich 482; 521 NW2d 266 (1994). When reviewing a motion granted pursuant to MCR 2.116(C)(7), we consider affidavits, admissions, depositions, and other documentary evidence, as well as the pleadings. MCR 2.116(G)(5); *Vermilya v Dunham,* 195 Mich App 79, 81; 489 NW2d 496 (1992). We review the complaint "to determine whether facts have been pleaded justifying a finding that recovery in tort is not barred by governmental immunity." *Harrison v Dep't of Corrections,* 194 Mich App 446, 449; 487 NW2d 799 (1992). A motion for summary disposition under MCR 2.116(C)(7) is not properly granted unless no factual development could provide a basis for recovery. *Id.* A motion for summary disposition under MCR 2.116(C)(8) relies on the pleadings alone, and all well-pleaded factual allegations in a complaint are taken as true, as well as any reasonable inferences or conclusions that can be drawn from the allegations. *Id.* at 449-

450. A motion for summary disposition under MCR 2.116(C)(8) should be granted "only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery." *Id.* at 450.

Plaintiff argues that this case falls within the "trespass-nuisance" exception to governmental tort immunity recognized in *Hadfield v Oakland Co Drain Comm'r,* 430 Mich 139, 169; 422 NW2d 205 (1988):

> Therefore, we find that plaintiffs will successfully avoid a governmental immunity defense whenever they allege and prove a cause of action in trespass or intruding nuisance. Trespass-nuisance shall be defined as trespass or interference with the use or enjoyment of land caused by a physical intrusion that is set in motion by the government or its agents and resulting in personal or property damage. The elements may be summarized as: condition (nuisance or trespass); cause (physical intrusion); and causation or control (by government).

Plaintiff alleges that all these elements were sufficiently pleaded. Defendant argues, inter alia, that the facts of this case could not lead to a conclusion that any trespass-nuisance was "set in motion" or caused or controlled by the government or its agents. Specifically, defendant argues that there was an intervening cause for Leo Peters' death, i.e., Solomon's independent actions.

In *Continental Paper & Supply Co, Inc v Detroit,* 205 Mich App 404; 521 NW2d 844 (1994), one of the plaintiffs owned property immediately adjacent to property under the control of the City of Detroit. The city's property allegedly was a fire hazard. An arsonist started a fire on the city's property that spread to the plaintiff's property. The

plaintiff alleged that the case fell within the trespass-nuisance exception to governmental immunity and sued for damages.

Much like defendant here, the City of Detroit argued that it could not be held liable "because an arsonist was the intervening cause of the instant fire." *Id.* at 410. This Court concluded otherwise, reasoning that the "defendant could be found liable even if an act of God were the source of the fire, because the claim made is that the warehouse was a nuisance precisely because it was a fire hazard." *Id.* "[A]n intervening event (i.e., arson) will not preclude liability where the intervening event is part of the very nature of the nuisance involved." *Id.* at 411. In other words, the fact that an intervening agent was involved was considered irrelevant because the fire damage to the plaintiff's property was a likely result of Detroit's maintainance of a fire hazard adjacent to the plaintiff's property, regardless of the source of ignition.

Here, in contrast to *Continental Paper,* Solomon, as the intervening agent, was not an irrelevant factor. While defendant may have maintained the nuisance plaintiff alleges, i.e., an insecure prison system, the decedent's death was the result of Solomon's decisions after his escape, not the result of the allegedly insecure prison system. The fire damage to the plaintiff's property in *Continental Paper* was the natural and likely result of the defendant's maintainance of an adjacent firetrap. Here, the decedent's death was not the natural and likely necessary result of the insecure prison; instead, it resulted from Solomon's criminal actions following escape.

We agree with defendant that the element of control required by *Hadfield* cannot be established under the facts of this case. The trespass-nuisance

exception to governmental immunity does not apply, and the trial court properly granted summary disposition to defendant.

We affirm.