FROMMERT v BOBSON CONSTRUCTION COMPANY

Docket No. 182052. Submitted August 20, 1996, at Detroit. Decided
November 8, 1996, at 9:05 A.M.

Beverley J. Frommert brought an action in the Washtenaw Circuit
Court against Bobson Construction Company, seeking damages for
breach of contract and breach of warranty in connection with a
leaky roof installed by the defendant pursuant to a contract
between the parties. The court, Kurtis T. Wilder, J., granted sum-
mary disposition for the defendant, ruling that the contract was
predominantly for the sale of goods rather than for the provision of
services and that the action was barred by the four-year statute of
limitations of Article 2, Sales, of the Uniform Commercial Code,
MCL 440.2725; MSA 19.2725. The plaintiff appealed.

The Court of Appeals *held*:

1. Where a contract involves a mixture of goods and services, the
test for determining whether the contract is governed by the UCC is
whether the contract's predominant purpose is the rendition of ser-
vice, with goods incidentally involved, or is a transaction of sale,
with services incidentally involved. Here, under the contract, the
defendant was to remove the old roof and replace it with a new
one. The service of removing the old roof and replacing it with the
new roof, not the sale of roofing materials, was the predominant
purpose of the contract. The trial court therefore erred in ruling
that the plaintiff's action on the contract was subject to the UCC
statute of limitations.

2. The plaintiff's action for breach of contract and breach of
warranty is subject to the six-year limitation period of MCL
600.5807(8); MSA 27A.5807(8), and the plaintiff's action, having
been filed within six years of the accrual of the claims of breach of
contract and breach of warranty, is timely under § 5807(8).

Reversed and remanded.

CONTRACTS — SALES AND SERVICES — BREACH —LIMITATION OF ACTIONS.

An action seeking damages for the breach of a contract involving a
sale of goods and a rendition of services is subject to the four-year
limitation period of Article 2, Sales, of the Uniform Commercial

Code where the predominant purpose of the contract is the rendition of service, with goods incidentally involved; where the predominant purpose is a transaction of sale, with services incidentally involved, the six-year limitation period generally applicable to actions for damages for breach of contract applies (MCL 440.2725, 600.5807[8]; MSA 19.2725, 27A.5807[8]).

*Power & Gerisch* (by *Jonathan P. Gerisch*), for the plaintiff.

*Thav, Gross, Steinway & Bennett, P.C.* (by *David J. Berman*), for the defendant.

Before: CORRIGAN, P.J., and JANSEN and M. WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff appeals as of right from a July 6, 1994, order of the Washtenaw Circuit Court granting defendant summary disposition pursuant to MCR 2.116(C)(7) (claim barred by statute of limitations). We reverse and remand for further proceedings.

Plaintiff is a veterinarian who owns a veterinary clinic in Ann Arbor. In 1986, the clinic had a leaking roof, and the roof was inspected by defendant's employee, John Copeland, on April 18, 1986. Ultimately, plaintiff decided to have the entire roof removed and replaced with a new roofing system. On May 8, 1986, plaintiff and Copeland signed the contract. The work was completed on November 24, 1986.

On August 28, 1987, the new roof began to leak, and plaintiff claimed that the leak caused damage to the building and property in the building. Plaintiff also claimed that the roof has leaked continuously since then. Defendant made several attempts in 1987

---

* Circuit judge, sitting on the Court of Appeals by assignment.

and 1988 to repair the leaks; however, the roof was not repaired to plaintiff's satisfaction. On December 31, 1992, plaintiff filed a two-count complaint, alleging breach of contract and breach of warranty. The trial court ultimately granted summary disposition in favor of defendant, finding that plaintiff's claim was barred by the four-year statute of limitations found in the Uniform Commerical Code, MCL 440.2725; MSA 19.2725. Specifically, the trial court, relying on *Neibarger v Universal Cooperatives, Inc*, 439 Mich 512; 486 NW2d 612 (1992), determined that the contract involved a mixture of goods and services, but that the purchase of a roof was the predominant factor and the services were incidental to the purchase of the roof.

On appeal, plaintiff argues that the contract in this case is one for services, rather than one for a sale of goods, and that the four-year statute of limitations under the UCC does not apply. Rather, plaintiff contends that the six-year statute of limitations in MCL 600.5807(8); MSA 27A.5807(8) should apply. We agree.

We review a trial court's decision on a motion for summary disposition de novo. *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). The pleadings, affidavits, depositions, admissions, and documentary evidence submitted by the parties must be considered by the court when the motion is based on MCR 2.116(C)(7). MCR 2.116(G)(5).

In *Neibarger, supra*, pp 527-528, our Supreme Court adopted the "economic loss doctrine" and held that where a plaintiff seeks to recover for economic loss caused by a defective product purchased for

commercial purposes, the exclusive remedy is provided by the UCC, and its statute of limitations applies. An injury caused by a service, however, would not arise out of a "transaction in goods" and would not be governed by the UCC. *Id.*, p 533. Where a contract involves a mixture of goods and services, our Supreme Court adopted the test set forth in *Bonebrake v Cox*, 499 F2d 951, 960 (CA 8, 1974), to determine whether contracts for mixed goods and services are governed by the UCC:

> The test for inclusion or exclusion is not whether they are mixed, but, granting that they are mixed, whether their predominant factor, their thrust, their purpose, reasonably stated, is the rendition of service, with goods incidentally involved . . . or is a transaction of sale, with labor incidentally involved. [*Neibarger, supra*, p 534.]

Generally, the question whether goods or services predominate in a hybrid contract is one of fact. *Higgins v Lauritzen*, 209 Mich App 266, 269; 530 NW2d 171 (1995). Where there is no genuine issue of any material fact regarding the provision of the contract, a court may decide the issue as a matter of law. *Id.*, p 270.

Applying the *Bonebrake* test to the facts of this case, we conclude that the contract between the parties was predominantly one for services, rather than one for a sale of goods, and was not subject to the statute of limitations period set forth in the UCC. According to the contract and a letter from Copeland, defendant was to remove the old roof and replace it with a new Bobson Polybond roofing system with an R-25 insulation value. In this case, it is difficult to conceive of the goods being supplied, the roofing material, as the predominant purpose of the contract.

That is, plaintiff needed to have a new roof installed, and the service of removing the old roof and replacing it with the new roofing system was clearly the predominant purpose of the contract.

Further, the contract itself is specifically identified as a "home improvement and installment contract" and defendant is referred to as a contractor in the contract. Defendant essentially undertook to remove and replace a leaky roof. The goods were merely incidental to the purpose of the contract. Plaintiff was not contracting to purchase roofing material only, because the goods would have been of no value unless they were installed. See, e.g., *Higgins, supra,* pp 270-271 (and see cases cited therein where installation contracts were not covered by Article 2 of the UCC). Accordingly, we conclude that the contract between the parties was predominantly one for a service, rather than one for a sale of goods, and was not subject to Article 2 of the UCC, including the four-year statute of limitations.

Defendant cites *Mennonite Deaconess Home & Hosp, Inc v Gates Engineering Co,* 219 Neb 303; 363 NW2d 155 (1985); however, that case is factually distinguishable because the defendant in that case was sued in its capacity as the manufacturer of the roofing material. Further, the contract was very specific in identifying the type of roof to be installed and the roof was not installed by the defendant. Under those circumstances, the Nebraska Supreme Court concluded that the contract was predominantly for the sale of goods and that Article 2 of the UCC applied.

Similarly, *Docteroff v Barra Corp of America, Inc,* 282 NJ Super 230; 659 A2d 948 (1995), involved a suit against the manufacturer of the roofing material. The

New Jersey appellate court was careful to note that only the manufacturer of the roofing material was sued and that the defendant did not install the roof. Under that situation, the court concluded that the contract was predominantly one for the sale of goods rather than one for the provision of a service.

The present case is distinguishable from *Docteroff* or *Mennonite Deaconess* because defendant in this case is the installer of the roof and the roofing material is not specifically identified in the contract. Therefore, the contract between the parties was predominantly one for the provision of a service, with the sale of goods incidentally involved. The statute of limitations in Article 2 of the UCC does not apply. Rather, the applicable statute of limitations is MCL 600.5807(8); MSA 27A.5807(8), which provides that the period of limitation for an action to recover damages for a breach of contract is six years.

In this case, plaintiff's breach of contract claim was filed timely under the six-year limitation period in § 5807(8). The first leak after the installation of the new roof occurred on August 28, 1987. Plaintiff filed her suit on December 31, 1992, within the six-year period of limitation. Accordingly, plaintiff's breach of contract claim was filed timely.

Plaintiff also contends that the trial court erred in dismissing her breach of warranty claim. Because we have determined that the UCC does not apply and that the six-year period of limitation applies, we conclude that plaintiff's breach of warranty claim also was filed timely. Under MCL 600.5833; MSA 27A.5833, a cause of action based on a breach of warranty accrues when the breach of warranty is discovered or should have been discovered. Under the earliest date of the

breach when the first leak of the new roof occurred on August 28, 1987, plaintiff's complaint was filed timely because her claims were filed within the six-year period of limitation. The trial court committed error requiring reversal in granting summary disposition to defendant on the basis that plaintiff's claims were time-barred.

For the reasons set forth, we reverse the trial court's grant of summary disposition in favor of defendant and remand for further proceedings. Jurisdiction is not retained.