ZYCHOWSKI v A J MARSHALL COMPANY, INC

Docket No. 201930. Submitted November 4, 1998, at Detroit. Decided December 29, 1998, at 9:05 A.M.

John M. Zychowski, as conservator of the estate of Qing Kong, a minor, brought an action in the Wayne Circuit Court against A. J. Marshall Company, Inc., General Slicing Machine Company, Inc., and others, seeking damages for injuries sustained by Kong while operating a food grinder manufactured by General Slicing and distributed by Marshall. A settlement was reached with General Slicing and the plaintiff proceeded against Marshall under the theory that Marshall was negligent in not responding to, or assisting in, a recall of the grinder by General Slicing. The court, Deborah A. Thomas, J., directed a verdict for Marshall, finding Marshall did not owe Kong a duty to participate in the voluntary recall of General Slicing's product. The plaintiff and General Slicing appealed and Marshall cross appealed.

The Court of Appeals *held*:

In the absence of any affirmative conduct by Marshall to assist in General Slicing's voluntary recall effort, Marshall was under no duty to assist in the recall of the grinders. The plaintiff failed to show that Marshall owed Kong a duty.

Affirmed.

1. NEGLIGENCE — DUTY — MANUFACTURERS — RECALL OF PRODUCTS.

A manufacturer or distributor generally does not have a duty to recall a product that is not defective at the time of manufacture.

2. NEGLIGENCE — DUTY — VOLUNTARY ASSUMPTION OF DUTY.

The voluntary assumption of a function by a party that is not legally required to perform the function may also subject the party to a legal duty; once a duty is voluntarily assumed, it must be performed with some degree of skill and care.

*Rosen & Lovell, P.C.* (by *Paul A. Rosen*), for John M. Zychowski.

*Plunkett & Cooney, P.C.* (by *Ernest R. Bazzana*), for General Slicing Machine Company, Inc., and General Slicing Redgoat.

*Moffett & Dillon, P.C.* (by *Donald R. Dillon, Jr.*), for A. J. Marshall Company, Inc.

Before: FITZGERALD, P.J., and HOOD and GAGE, JJ.

PER CURIAM. Plaintiff, as conservator of the estate of Qing Kong, a minor, commenced this action to recover damages for injuries sustained by Kong as a result of placing his hand in a food grinder at his parents' restaurant. Plaintiff sued the manufacturer of the grinder, General Slicing Machine Company, Inc., and the distributor of the product, A. J. Marshall Company, Inc. A settlement was reached with General Slicing and plaintiff proceeded to trial against Marshall under the theory that Marshall was negligent in not responding to, or assisting in, a recall of the grinder by General Slicing. The trial court directed a verdict for Marshall, ruling that Marshall did not owe plaintiff's minor a duty to participate in a voluntary recall of General Slicing's product. Plaintiff and General Slicing[1] now both appeal as of right. Defendant Marshall has filed a cross appeal. We affirm.

To establish a claim of negligence, plaintiff was required to show that Marshall owed plaintiff's minor a duty. *Berryman v K mart Corp*, 193 Mich App 88, 91; 483 NW2d 642 (1992). In general, the question of duty is a question of law for the trial court to decide. *Braun v York Properties, Inc*, 230 Mich App 138, 141;

---

[1] The settlement between plaintiff and General Slicing provided that plaintiff was entitled to an additional payment of $315,000 from General Slicing if defendant Marshall did not pay any money to plaintiff.

583 NW2d 503 (1998). The parties agree that, in general, a manufacturer or a distributor is under no duty to recall a product. *Gregory v Cincinnati Inc*, 450 Mich 1, 14, 34-35; 538 NW2d 325 (1995). This is particularly true in a case such as this where the grinders were not defective at the time of manufacture, but, through new technology, may now be made to be less dangerous. *Id.* at 19-20.[2] Plaintiff alleges, however, that after General Slicing voluntarily mounted a recall campaign to recall the grinder, Marshall had a duty to assist General Slicing with the recall by providing General Slicing with the names of the purchasers of the grinders so that General Slicing could contact the consumers directly about the recall. We disagree.

A party may be under a legal duty when it voluntarily assumes a function that it is not legally required to perform. *Baker v Arbor Drugs, Inc*, 215 Mich App 198, 205; 544 NW2d 727 (1996). Once a duty is voluntarily assumed, it must be performed with some degree of skill and care. *Premo v General Motors Corp*, 210 Mich App 121, 123; 533 NW2d 332 (1995). Here, undisputed evidence produced at trial showed that General Slicing never directly requested Marshall's assistance in the recall effort.[3] The undisputed evidence also showed that Marshall did not take any affirmative action to voluntarily assist or comply with

[2] Where there is no duty imposed on a manufacturer to recall a product, it logically follows that there can be no duty imposed on a distributor to recall a product.

[3] Thus, this case is factually distinguishable from *Springmeyer v Ford Motor Co*, 60 Cal App 4th 1541; 71 Cal Rptr 2d 190 (1998), on which plaintiff relies. In *Springmeyer*, the manufacturer notified its dealers to recall certain cars to have the brake lights repaired and the dealer failed to implement the recall.

the recall effort. In the absence of any affirmative conduct by Marshall to assist in General Slicing's voluntary recall effort, Marshall was under no legal duty to assist in the recall of the grinders.[4] *Gregory, supra.* Hence, a directed verdict in favor of Marshall was appropriate.

In light of our holding, we need not address the issues raised by defendant Marshall on cross appeal.

Affirmed.

---

[4] Plaintiff relies on *Nichols v Westfield Industries, Ltd*, 380 NW2d 392, 397-398 (Iowa, 1985), in support of his position. However, the facts in *Nichols* are distinguishable and we decline to follow it.