# STATE OF MICHIGAN

# COURT OF APPEALS

SEVAN MAROKY,

Plaintiff-Appellant,

and

TOTAL HEALTH REHAB CO,

Intervening Plaintiff,

v

ENCOMPASS INDEMNITY CO,

Defendant-Appellee.

UNPUBLISHED
October 19, 2017

No. 333489
Wayne Circuit Court
LC No. 14-012476

Before: GLIECHER, P.J., and FORT HOOD and SWARTZLE, JJ.

PER CURIAM.

In this no-fault insurance action, contesting the priority of insurers, plaintiff Sevan Maroky appeals as of right the trial court's June 7, 2016 Order granting summary disposition to defendant Encompass Indemnity Co under MCR 2.116(C)(10). We affirm.

## I. BACKGROUND

The essential facts of this dispute are not contested. In 2013 and early 2014, plaintiff was working as a long-haul truck driver. Plaintiff was the sole member of a corporate entity, Envoy Trucking, and that entity owned a 2006 Peterbuilt semi-truck, which weighed more than 10,000 lbs. Plaintiff and Envoy Trucking entered into an owner-operator agreement with ADM Transit under which Envoy Trucking leased the semi-truck to ADM Transit, and ADM Transit agreed to pay plaintiff 18 cents for every loaded mile he drove on behalf of ADM Transit. Thereafter, plaintiff worked approximately four days per week for ADM Transit, hauling loads cross country.

ADM Transit obtained a "trucking" policy on its fleet of leased vehicles with OOIDA Risk Retention Group, Inc. (OOIDA). A "trucking" policy covers a vehicle while it is actively hauling freight. This policy covered the semi-truck owned by Envoy Trucking. In late 2013, however, ADM Transit and OOIDA executed a policy endorsement listing plaintiff as an excluded driver on the OOIDA policy. Plaintiff also obtained a "bobtail" policy on the semi-

-1-

truck with Hudson Insurance Company (Hudson). A "bobtail" policy covers a semi-truck when it is not actively hauling freight. Plaintiff's personal vehicles were insured through a policy with defendant. Defendant's policy specifically excluded from coverage personal injury to any person covered under the policy resulting from that person's occupation of a vehicle weighing 10,000 pounds or more or a vehicle used for the covered person's "business."

On January 22, 2014, plaintiff was driving the semi-truck in Texas, hauling a trailer of freight to New Mexico on behalf of ADM Transit. Plaintiff proceeded properly through an intersection when another semi-truck ran a stop sign and struck the side of plaintiff's semi-truck. Plaintiff was air-lifted to the hospital and incurred significant medical costs, including some $22,000 for rehabilitation services to intervening-plaintiff Total Health Rehab, LLC.

Plaintiff sued defendant and Hudson for unpaid personal injury protection (PIP) benefits on September 28, 2014. Plaintiff, however, stipulated that Hudson should be dismissed from the lawsuit with prejudice on October 26, 2015. Sometime after January 22, 2015,[1] plaintiff initiated a separate lawsuit against OOIDA for recovery of PIP benefits resulting from the January 22, 2014 accident. This lawsuit was dismissed with prejudice under the one-year-back rule, MCL 500.3145.

On March 21, 2016, defendant moved for summary disposition, arguing that plaintiff was precluded from collecting benefits under defendant's policy because he was driving a vehicle for business at the time of the accident. Defendant further argued that it was not liable for plaintiff's PIP benefits because OOIDA was the insurer of highest priority under MCL 500.3114(3). The trial court agreed with defendant on both arguments, and granted summary disposition to defendant under MCR 2.116(C)(10). Plaintiff now appeals as of right.

## II. ANALYSIS

This Court reviews "a grant of summary disposition de novo." *Peters v Department of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). "Summary disposition is appropriate if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. "A genuine issue of material fact exists when the record, drawing all reasonable inferences in favor of the nonmoving party, leaves open an issue on which reasonable minds could differ." *Campbell v Kovich*, 273 Mich App 227, 230; 731 NW2d 112 (2006).

MCL 500.3114 sets the insurer priority for PIP benefits under the no-fault act. This section provides:

> (1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor

---

[1] The record does not provide an exact date.

vehicle accident. A personal injury insurance policy described in section 3103(2) applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motorcycle accident. When personal protection insurance benefits or personal injury benefits described in section 3103(2) are payable to or for the benefit of an injured person under his or her own policy and would also be payable under the policy of his or her spouse, relative, or relative's spouse, the injured person's insurer shall pay all of the benefits and is not entitled to recoupment from the other insurer.

* * *

(3) An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

This appeal is directly controlled by this Court's opinion in *Besic v Citizens Ins Co of the Midwest*, 290 Mich App 19; 800 NW2d 93 (2010). In *Besic*, the plaintiff truck driver was the sole member of a corporation, Besic Express, which owned a semi-truck and registered the vehicle in Michigan. *Id*. at 21-22. The plaintiff entered into an owner-operator agreement with MGR Express, Inc (MGR) and leased the semi-truck to MGR, who purchased commercial liability insurance on the vehicle from Lincoln General Insurance Company. *Id*. The plaintiff obtained bobtail insurance on the semi-truck from Clearwater Insurance Company, and held a personal insurance policy on his household vehicles with Citizens Insurance Company. *Id*. at 22. The plaintiff was injured while hauling a load in Ohio, and sought recovery of his PIP benefits from each of the three insurers. *Id*. at 21-22.

Similarly, in the case at hand, plaintiff's corporation, Envoy Trucking, owned the 2006 Peterbuilt semi-truck which appears to have been registered in Michigan. Plaintiff and his corporation entered into an owner-operator agreement with ADM Transit and ADM Transit obtained a commercial no-fault insurance policy for the semi-truck through OOIDA. Plaintiff obtained bobtail insurance on the semi-truck through Hudson and personally insured his household vehicles through defendant. Plaintiff was injured while hauling a load in Texas, and sought recovery of his PIP benefits from each of the three insurers, among others. Accordingly, because the case at hand is nearly factually identical to *Besic*, the holding in *Besic* controls this Court's decision here. MCR 7.215(J)(1).

Regarding the priority of insurers in *Besic*, this Court first looked to *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84, 89; 549 NW2d 834 (1996), in which our Supreme Court held:

it is most consistent with the purposes of the no-fault statute to apply [MCL 500.3114(3)] in the cases of injuries to a self-employed person. The cases interpreting that section have given it a broad reading designed to allocate the cost of injuries resulting from use of business vehicles to the business involved through the premiums it pays for insurance. [*Besic*, 290 Mich App at 31.]

This Court then looked to the holding in *State Farm Mut Auto Ins Co v Sentry Ins*, 91 Mich App 109, 114-115; 283 NW2d 661 (1979), in which "this Court set forth the same rationale later adopted in *Celina*" as follows:

> The exceptions in [MCL 500.3114(2)] and (3) relate to "commercial" situations. It was apparently the intent of the Legislature to place the burden of providing no-fault benefits on the insurers of these motor vehicles, rather than on the insurers of the injured individual. This scheme allows for predictability; coverage in the "commercial" setting will not depend on whether the injured individual is covered under another policy. A company issuing insurance covering a motor vehicle to be used in a (2) or (3) situation will know in advance the scope of the risk it is insuring. The benefits will be speedily paid without requiring a suit to determine which of the two companies will pay what is admittedly due by one of them. [*Besic*, 290 Mich App at 31-32.]

This Court then concluded as follows:

> Besic owned the truck and worked as a self-employed independent contractor for MGR. Consistently with the Michigan Supreme Court's analysis in *Celina*, 452 Mich at 89, the priority language in MCL 500.3114(3) extends to the self-employment situation of Besic. With respect to the additional language comprising MCL 500.3114(3), Besic suffered "accidental bodily injury while an occupant of a motor vehicle owned or registered by his employer," given that MRG had leased Besic's truck. [MCL 500.3101(2)(k)(i)] (including in its definition of "owner" "[a] person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days"). Because MCL 500.3114(3) applies to the undisputed facts of this case, it dictates that Besic "shall receive personal protection insurance benefits to which [he] is entitled from the insurer of the furnished vehicle." [*Besic*, 290 Mich App at 32.]

Accordingly, in *Besic*, the insurer of highest priority would have been the commercial liability insurer, Lincoln General. See *id*. Nonetheless, this Court determined that MGR's policy with Lincoln General did not extend to personal injury no-fault benefits. *Id*. at 25-26, 27-30. This Court then concluded that the specific language of the bobtail insurer's policy extended coverage for PIP benefits while the injured party was trucking and no other trucking insurance policy provided coverage. *Id*. at 24-27. Therefore, because the commercial liability policy through Lincoln General did not extend to no-fault coverage, this Court concluded that Clearwater, the bobtail insurer, was the insurer of highest priority. *Id*. at 32.

Applying *Besic* to the circumstances at issue here, it is clear that OOIDA is the insurer of highest priority. Plaintiff was self-employed and working under an owner-operator agreement with ADM Transit. Given this, the priority language of MCL 500.3114(3) applies to plaintiff's self-employment situation consistent with our Supreme Court's analysis in *Celina*, 452 Mich at 89. See *Besic*, 290 Mich App at 32. Further, plaintiff leased the semi-truck at issue to ADM Transit for a period of greater than 30 days. Therefore, ADM Transit was a constructive owner of the semi-truck under MCL 500.3101(2)(k)(i). Plaintiff was then injured while driving the semi-truck constructively owned by ADM Transit. Accordingly, plaintiff suffered "accidental

bodily injury while an occupant of a motor vehicle owned or registered by his employer" and "shall receive personal protection insurance benefits to which [he] is entitled from the insurer of the furnished vehicle." *Id.* at 32 (internal quotation marks and citation omitted). ADM Transit's insurer was OOIDA under a policy that included PIP benefits. Accordingly, OOIDA is the insurer of highest priority per MCL 500.3114(3).

In an unrelated argument before the trial court, defendant argued that OOIDA's policy endorsement excluded plaintiff from coverage. The trial court concluded that the endorsement was ineffective because it did not contain the standard warning required under MCL 500.3009(2). Neither party appears to challenge this conclusion on appeal. Even had the parties challenged this conclusion, the trial court did not err in its conclusion that the exclusion was ineffective.

> MCL 500.3009(2) provides:
>
> If authorized by the insured, automobile liability or motor vehicle liability coverage may be excluded when a vehicle is operated by a named person. An exclusion under this subsection is not valid unless the following notice is on the face of the policy or the declaration page or certificate of the policy and on the certificate of insurance:
>
> Warning—when a named excluded person operates a vehicle all liability coverage is void—no one is insured. Owners of the vehicle and others legally responsible for the acts of the named excluded person remain fully personally liable.

The portions of ADM Transit's policy with OOIDA that were included in the record do not contain the warning required by MCL 500.3009(2). Accordingly, the policy endorsement is invalid and OOIDA is the insurer of highest priority under MCL 500.3114(3).

Plaintiff argues that *Besic* was implicitly overruled by *Adanalic v Harco Nat Ins Co*, 309 Mich App 173, 190-191; 879 NW2d 731 (2015), in which this Court stated that "[f]or purposes of MCL 500.3114(3), whether an injured party was an employee is determined by applying the economic reality test." (Internal quotation marks and citation omitted). Taken out of context, this quote appears to suggest that the economic reality test is *always* used under MCL 500.3114(3). The suggestion, however, is ill-advised for two reasons. First, *Besic* is a straightforward application of our Supreme Court's holding in *Celina*, which this panel cannot overrule. Moreover, key facts of *Adanalic* are different from *Besic*, such that this Court's decision does not run contrary to *Besic*.

In *Adanalic*, the plaintiff was injured when loading parts into a trailer attached to a semi-truck. *Adanalic*, 309 Mich App at 177. The plaintiff owned the semi-truck personally, but the trailer was registered to Trailer X-Press, Inc. *Id.* at 177 n 1. The plaintiff leased his semi-truck to DIS Transportation and entered into an owner-operator agreement through which he would haul loads for DIS Transportation. *Id.* Trailer X-Press, Inc also leased the trailer to DIS Transportation. *Id.* Both the semi-truck and the trailer were insured by defendant under a commercial policy. *Id.* at 177. The plaintiff was injured while on dispatch from DIS Transportation. *Id.*

After concluding that plaintiff was not precluded from recovery of no-fault PIP benefits because he was loading the trailer instead of driving the semi-truck, or because he could recover worker's compensation benefits, this Court applied MCL 500.3114(3) to determine priority. *Id.* at 180-190. In addressing who insured the "furnished vehicle" under MCL 500.3114(3), this Court concluded that because "it [was] undisputed that Harco was the no-fault insurer . . . of both the semi-truck and semi-trailer used by [the plaintiff] at the time of the accident," "Harco was the insurer of the 'furnished vehicle.' " *Id.* at 190.

Accordingly, because the plaintiff in *Adanalic* was injured while loading the trailer and he did not own the entirety of the "furnished vehicle," this Court could not apply *Besic* to the facts at issue. Instead, the court applied the generally applicable economic realities test to determine whether DIS Transportation was the plaintiff's employer. *Id.* at 190-194. In the case at hand, however, the trailer attached to plaintiff's semi-truck is not at issue for purposes of MCL 500.3114(3) because plaintiff was injured when another vehicle struck the semi-truck that plaintiff was driving. Accordingly, plaintiff owned the entirety of the "furnished vehicle" at issue for the purposes of MCL 500.3114(3), and this Court's application of *Besic* is appropriate.

Therefore, because OOIDA is the insurer of highest priority under *Besic* and ADM Transit had a valid policy with OOIDA covering plaintiff's PIP benefits, defendant is not liable for plaintiff's PIP benefits. Accordingly, the trial court properly granted summary disposition to defendant under MCR 2.116(C)(10). Because we conclude that the trial court properly granted summary disposition to defendant on its order of priority, we need not reach plaintiff's argument that defendant's policy exclusion violates the public policy of the no-fault act.

Unfortunately for plaintiff, his case against OOIDA was dismissed with prejudice because he failed to file the case within one year of suffering the injuries under MCL 500.3145. Therefore, plaintiff will likely be unable to recover PIP benefits from any source; however, plaintiff's error does not change the order of priority or render defendant liable.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Karen M. Fort Hood
/s/ Brock A. Swartzle