# STATE OF MICHIGAN

# COURT OF APPEALS

JABREE HARRIS, Minor, by Next Friend IVORY
HARRIS,

        Plaintiff-Appellant,

v

TAMMY FOX,

        Defendant,

and

PRIME HEALTHCARE SERVICES-GARDEN
CITY, LLC, doing business as GARDEN CITY
HOSPITAL,

        Defendant-Appellee,

and

BRISTOL WEST PREFERRED INSURANCE
COMPANY,

        Defendant/Third-Party Plaintiff,

and

METROPOLITAN GROUP PROPERTY AND
CASUALTY INSURANCE COMPANY,

        Third-Party Defendant.

UNPUBLISHED
November 15, 2018

No. 340160
Wayne Circuit Court
LC No. 14-002909-NI

Before: MURRAY, C.J., and METER and GLEICHER, JJ.

PER CURIAM.

-1-

Plaintiff appeals as of right the final order of the Wayne Circuit Court granting defendant Prime Healthcare Services-Garden City, LLC's (defendant) motion for summary disposition pursuant to MCR 2.116(C)(8) (failure to state a claim) and MCR 2.116(C)(10) (no genuine issue of material fact). We affirm.

## I. FACTUAL BACKGROUND

This case arises out of a motor vehicle collision that occurred on July 9, 2013, in Northville Township, in which defendant Tammy Fox struck plaintiff Ivory Harris's vehicle head-on. At the time of the collision, Fox was employed by defendant as a registered nurse, but was off-duty, off hospital premises, and in her own personal vehicle. According to plaintiff, Fox was high on Propofol—which she allegedly diverted from defendant—at the time of the collision. Plaintiff's complaint alleged one count of negligence against Fox and one count for first-party personal protection insurance (PIP) benefits against defendant Bristol West. Plaintiff's first amended complaint added one count of negligence against defendant, essentially asserting a theory of negligent supervision.

Defendant moved for summary disposition under MCR 2.116(C)(8) and (10), arguing (1) that there was no special relationship giving rise to a duty between defendant and plaintiff, (2) even when an employer has knowledge of an employee's history of substance abuse, the employer is under no duty to protect the general public from the actions of the employee that occur outside her scope of employment, and (3) that plaintiff could not establish any cause of action under a theory of respondeat superior because Fox's actions occurred outside the scope of her employment.

In response, plaintiff contended that (1) defendant's motion was premature because discovery was ongoing and (2) defendant breached its duty to plaintiff by negligently hiring and supervising Fox, creating a foreseeable risk of injury. In support of her response, plaintiff submitted the deposition transcript of Northville Township Police Officer Tim Stevens, several pleadings and discovery responses, an expert's affidavit, incident reports, and other documentary evidence.

The circuit court concluded that there was no duty on the part of defendant to protect the public from the criminal acts of its employee, relying upon *Williams v Cunningham Drug Stores, Inc*, 429 Mich 495; 418 NW2d 381 (1988). Accordingly, the circuit court granted summary disposition for defendant.

## II. ANALYSIS

Plaintiff argues that the circuit court's grant of summary disposition was premature because discovery was ongoing and that its ultimate conclusion was erroneous.

This Court reviews de novo a trial court's decision on a motion for summary disposition. *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996). Accordingly, this Court must review the record without deference to the trial court to determine whether the movant was entitled to judgment as a matter of law. *Morales v Auto-Owners Ins Co*, 458 Mich 288, 294; 582 NW2d 776 (1998). Review is limited to the evidence that had been presented to

the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

"A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint," and "[a]ll well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.'" *Id.*, quoting *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992). A court considers only the pleadings when deciding a motion brought under MCR 2.116(C)(8). *Maiden*, 461 Mich at 119-120, citing MCR 2.116(G)(5).

"To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages." *Case v Consumers Power Co*, 463 Mich 1, 6; 615 NW2d 17 (2000). "The threshold question, whether a duty exists, is a question of law . . . ." *Murdock v Higgins*, 454 Mich 46, 53; 559 NW2d 639 (1997). "In determining whether to impose a duty, this Court evaluates factors such as: the relationship of the parties, the foreseeability of the harm, the burden on the defendant, and the nature of the risk presented." *Id.* "Only after finding that a duty exists may the factfinder determine whether, in light of the particular facts of the case, there was a breach of the duty." *Id.*

"Generally, an individual has no duty to protect another who is endangered by a third person's conduct." *Id.* at 54. When "there is a duty to protect an individual from a harm by a third person, that duty to exercise reasonable care arises from a 'special relationship' either between the defendant and the victim, or the defendant and the third party who caused the injury." *Id.* "[T]he special relationship between employer and employee does not of itself require the employer to protect third parties from off-premises injuries, either by supervising the consumption of alcohol or providing alternate transportation." *Millross v Plum Hollow Golf Club*, 429 Mich 178, 196; 413 NW2d 17 (1987). Similarly, an employer does not assume a duty to protect the public at large from the alleged criminal actions of off-duty employees merely because it has voluntarily undertaken a duty—e.g., adopting an internal policy forbidding intoxicated employees from driving—that serves to protect the general public. *Premo v Gen Motors Corp*, 210 Mich App 121, 123-124; 533 NW2d 332 (1995).

In *Millross*, 429 Mich at 181, the Supreme Court primarily addressed the issue whether the exclusive remedy of the dramshop act, MCL 436.1801(10), bars a plaintiff's claim against a tavern owner alleging negligent supervision of an employee. The plaintiff's decedent in *Millross* was fatally injured while standing on the side of the road in an attempt to offer aid to someone involved in a motor vehicle collision. *Id.* At that time, the defendant's employee was driving on the same road after attending a dinner on the defendant's premises, where he consumed alcohol. *Id.* at 181-182. The employee ultimately collided with one of the cars involved in the collision, thereby causing fatal injuries to the decedent. *Id.* at 182.

The *Millross* plaintiff filed a complaint, alleging liability under the dramshop act and negligence under theories of respondeat superior and failure to supervise. *Id.* In relevant part, the circuit court granted defendant summary disposition on the negligence claim on the grounds

that there is no duty of an employer to provide transportation to and from employment premises, and because the negligence claim was based upon the dispensing of an alcoholic beverage and was preempted by the dramshop act. *Id*. at 182-183. This Court reversed on the basis that the claim for improper supervision or failure to provide alternate transportation *is* a recognized common-law claim which is not precluded by the dramshop act. *Id*. at 183.

The Supreme Court reversed this Court, holding that the plaintiff failed to plead a valid cause of action, and overruling *Romeo v Van Otterloo*, 117 Mich App 333; 323 NW2d 693 (1982). *Millross*, 429 Mich at 197-198. The Court concluded that the dramshop act provides the exclusive remedy against liquor licensees for conduct arising out of the furnishing of intoxicating beverages, but does not preclude *independent* common-law claims. *Id*. at 197. In short, the Court's conclusion was based on the notion that the allegations arose out of the furnishing of alcohol and were therefore *not* independently-pleaded claims of negligence. *Id*. at 181.

Though the *Millross* Court ultimately held "that the special relationship between employer and employee does not of itself require the employer to protect third parties from off-premises injuries," it also opined "that the allegations do not establish a duty because it has not been alleged that the defendant knew or should have known of the existence of any *special circumstances* regarding [the employee] that could establish a duty of care to third persons." *Id*. at 196-197 (emphasis added). Thus, *Millross* left open the question "whether a plaintiff who alleges that an employer knew or *should have known* that its employee could not be entrusted with the responsibility imposed by the employer so as to give rise to a foreseeable risk of harm to others has alleged a valid claim . . . ." *Id*. at 198 (emphasis added).

In *Premo*, 210 Mich App at 122, the plaintiff was injured after an allegedly intoxicated motorist—an off-duty employee of the defendant—struck the motor vehicle she was riding in. The employee allegedly consumed alcohol before and during his shift, and left work without authorization about an hour before his shift ended, at which point he went to a bar and consumed more alcohol. *Id*. The accident occurred approximately 1 ½ hours after the employee left work. *Id*. The plaintiff sued the employer-defendant for negligence, alleging that the defendant had a policy forbidding employees from leaving the premises in their automobiles while intoxicated, and that the defendant would detain intoxicated employees and arrange alternative transportation. *Id*.

The trial court in *Premo* dismissed the complaint on the basis that the plaintiff failed to plead an actionable legal duty. *Id*. This Court affirmed, rejecting the notion that an employer who voluntarily assumes a duty, e.g., adopting an "internal policy of preventing intoxicated employees from driving," has an obligation to exercise some degree of care and skill in the performance of that duty. *Id*. at 123-124. Accordingly, this Court held that "[d]efendant's internal policy of preventing intoxicated employees from driving did not, as a matter of public policy, amount to General Motors' assumption of a duty to protect the public at large." *Id*.

Plaintiff cites *Millross* in support of her contention that she can establish her claim of negligence against defendant—or at least get past a motion brought under MCR 2.116(C)(8)—because she alleged that defendant "knew or should have known of the existence of any special circumstances regarding Ms. Fox that could establish a duty of care to third persons." But plaintiff's allegations that defendant had reason to know Fox could not be trusted with

prescription medications do not impose a duty on defendant to protect the public from Fox's criminal acts. There is no special relationship between defendant and plaintiff, and although there is an employer-employee relationship between defendant and Fox, the harm Fox caused was not within the scope of foreseeability. Unless the allegations were that Fox had diverted drugs in the past and subsequently caused a motor vehicle collision, the chain of events is simply not foreseeable enough to impose a duty upon defendant. In other words, even if defendant should have known that Fox was allegedly terminated from a former nursing job because she tested positive for morphine, it would not be reasonably foreseeable that she would use her employment with defendant to divert Propofol, inject it after work, choose to drive her car, and cause a head-on collision. Thus, considering that Fox's relationship with defendant does not of itself require it to protect third parties from off-premises injuries, *Millross*, 429 Mich at 196, and that defendant did not otherwise have a duty to protect the public at large from the alleged criminal actions of Fox, see *Premo*, 210 Mich App at 123-124, plaintiff has failed to establish that defendant owed her a duty.

Because a motion brought pursuant to MCR 2.116(C)(8) does not pierce the pleadings, the fact that discovery was ongoing is irrelevant to the merits of the determination. In other words, considering that "[a] motion under MCR 2.116(C)(8) may be granted only where the claims alleged are 'so clearly unenforceable as a matter of law that no factual development could possibly justify recovery,' " *Maiden*, 461 Mich at 119, quoting *Wade*, 439 Mich at 163, no further discovery was necessary because plaintiff's allegations failed to establish that defendant owed a duty of care to plaintiff.

Affirmed.

/s/ Christopher M. Murray
/s/ Patrick M. Meter
/s/ Elizabeth L. Gleicher