ACKERMAN v GENERAL MOTORS CORPORATION

Docket No. 142067. Submitted August 4, 1993, at Grand Rapids. Decided October 4, 1993, at 9:25 A.M. Leave to appeal sought.

Frederick A. Ackerman was awarded workers' compensation benefits from General Motors Corporation on August 24, 1984, by the Workers' Compensation Appeal Board for a continuing disability that began on August 21, 1978. The Court of Appeals denied General Motors leave to appeal on January 7, 1985. The Supreme Court denied General Motors leave to appeal on June 25, 1985, and reconsideration of that denial on September 23, 1985. 422 Mich 934 (1985). On October 17, 1985, General Motors paid benefits accrued through that date in a lump sum. On December 16, 1985, General Motors petitioned the Bureau of Workers' Disability Compensation for recoupment of an overpayment in benefits. The plaintiff acknowledged the overpayment, but argued that recoupment was limited by MCL 418.833(2); MSA 17.237(933)(2) to overpayment of benefits that accrued in the year before recoupment was sought. A hearing referee and the appeal board ruled in favor the plaintiff. General Motors appealed.

The Court of Appeals *held:*

MCL 418.833(2); MSA 17.237(833)(2) provides that when an employer or carrier takes action to recover overpayment of benefits, no recoupment of money shall be allowed for a period that is more than one year before the date of taking such action. Section 833(2) clearly relates to overpayments, not accrued benefits, and it does not prevent General Motors from recouping the full amount of its overpayment. The overpayment was made within one year of the petition for recoupment. General Motors may recoup the entire overpayment by offset against future benefits it owes the plaintiff.

Reversed.

WORKERS' COMPENSATION — RECOUPMENT OF BENEFIT OVERPAYMENTS — ONE-YEAR-BACK RULE.

An employer who makes a lump sum payment of workers'

REFERENCES

Am Jur 2d, Workers' Compensation § 417.

See ALR Index under Workers' Compensation.

compensation benefits for a past period extending more than one year and who subsequently discovers that it made an overpayment of benefits may seek full recoupment of its overpayment until one year after the lump sum payment (MCL 418.833[2]; MSA 17.237[833][2]).

*Vigiletti & McCrandall, P.C.* (by *Susan A. McCrandall*), for the plaintiff.

*Munroe & Nobach, P.C.* (by *Cameron C. McComb*), for the defendant.

Before: FITZGERALD, P.J., and CONNOR and TAYLOR, JJ.

TAYLOR, J. General Motors Corporation appeals by leave granted an opinion and order of the Workers' Compensation Appeal Board, which affirmed a hearing referee's determination that pursuant to MCL 418.833(2); MSA 17.237(833)(2) the corporation's recoupment of overpaid benefits was limited to overpayment of benefits due during the year before it sought recoupment.

On August 24, 1984, the appeal board awarded plaintiff continuing disability compensation benefits beginning August 21, 1978. On September 24, 1984, General Motors sought leave to appeal that decision, but on January 7, 1985, we denied leave for lack of merit in the grounds presented. The Supreme Court denied leave to appeal on June 25, 1985, and reconsideration on September 23, 1985. 422 Mich 934.

On October 17, 1985, General Motors paid plaintiff $74,204.02 for compensation benefits that had accrued through October 17, 1985. General Motors then discovered that it had overpaid plaintiff $13,013.68, and petitioned the bureau for recoupment of the overpayment on December 16, 1985. Plain-

tiff acknowledged the overpayment, but raised the bar of § 833(2).

The parties submitted the controversy to the bureau on briefs. The hearing referee ruled that § 833(2) limited the corporation's recoupment to the amount of overpayment of benefits that had accrued in the year before it sought recoupment. The board, in a 2 to 1 decision, affirmed the decision of the referee.

The statute provides:

> When an employer or carrier takes action to recover overpayment of benefits, no recoupment of money shall be allowed for a period which is more than 1 year prior to the date of taking such action. [MCL 418.833(2); MSA 17.237(833)(2).]

Defendant asserts that it should be allowed to recoup the entire overpayment in order to avoid giving plaintiff a double recovery and that it should be allowed to recoup the overpayment as credit against the supplemental benefits it owes him pursuant to § 352 of the act. MCL 418.352; MSA 17.237(352).

Plaintiff answers that the one-year limitation is equitable because employee applications for further compensation are limited by a like provision in § 833(1). MCL 418.833(1); MSA 17.237(833)(1). Besides, defendant made the error. Plaintiff opposes recovery from supplemental benefits in any event because the compensation supplement fund reimburses employers for supplemental benefits they pay.

General Motors may recoup the entire overpayment. Section 833(2) is a statute of limitations. It was designed to allow for recoupment in just these circumstances, as the Supreme Court explained in *McAvoy v H B Sherman Co,* 401 Mich 419; 258

NW2d 414 (1977), in distinguishing this section from § 862, which provides for reimbursement of seventy percent benefits paid during appeal.

> We do not read the foregoing statute as broadly as the Court of Appeals, First, this provision is obviously intended to be a statute of limitations.
>
> Secondly, and more importantly, this statute originally was designed and passed in 1969 (some six years before 1975 PA 34) to provide for the *recoupment* of benefits overpaid after an award was finalized, i.e., after all stays were ended, appeals completed and the payment of benefits commenced. The exclusive *reimbursement* procedures outlined in 1975 PA 34 apply only to the new 70% benefits paid during the appellate process. Therefore, there can be no overlap between the 1969 recoupment provision and the 1975 reimbursement amendment. [Emphasis in original. *Id.* at 449-450, n 11.]

Here, the award became final on September 23, 1985; the corporation overpaid benefits on October 17, 1985, and within one year petitioned for recovery of benefits overpaid within that same period.

The fallacy in the analyses of the referee and the appeal board majority is that they applied the statute to benefits that had accrued but had not been paid before the award became final. "We . . . find that the defendant should only be allowed to recoup benefits that *became due* during that one year period." (Emphasis added.) However, the statute deals with benefits that were *overpaid*; it says nothing about accrued benefits. Accrued benefits cannot, by definition, be overpaid; they are benefits that have not been paid. MCL 418.801(2); MSA 17.237(801)(2); *Townsend v M-R Products, Inc,* 436 Mich 496, 501; 461 NW2d 696 (1990).

Further, fairness requires complete recoupment under the facts of this case. Plaintiff acknowledged

that he was overpaid. The overpayment was a windfall for him. Double recovery by an employee "is repugnant to the very principles of workers' compensation." *Hiltz v Phil's Quality Market,* 417 Mich 335, 350; 337 NW2d 237 (1983).

The same principle prevents the corporation from recovering the overpayment from supplemental benefits owed plaintiff. An employer pays supplemental benefits to an injured employee but is reimbursed for those payments from general funds either by the compensation supplement fund or through tax credits. MCL 418.352(8); MSA 17.237(352)(8), MCL 418.391(7); MSA 17.237(391)(7); *Lulgjuraj v Chrysler Corp,* 185 Mich App 539, 542; 463 NW2d 152 (1990). The employer cannot have a double recovery by withholding the overpayments from supplemental benefits it owes the employee and also by being reimbursed by the state, directly or indirectly.

This case involves timely recoupment of money paid in a lump sum. We make no suggestion concerning how the statute should be interpreted if recovery is sought for week-by-week overpayments because that issue was not raised.

The board's decision is reversed. General Motors may recoup the entire overpayment by offset against future benefits it owes plaintiff.

Reversed.