ROSS v MODERN MIRROR & GLASS COMPANY

Docket No. 255863. Submitted October 4, 2005, at Detroit. Decided
November 1, 2005, at 9:15 a.m. Leave to appeal sought.

Dennis R. Ross began receiving workers' compensation benefits from
Modern Mirror & Glass Company and Transcontinental Insurance
Company in 1991. He subsequently also began receiving disability
pension benefits, retroactive to 1992. In 2002, Modern Mirror and
Transcontinental reduced Ross's workers' compensation benefits
because of his disability pension benefits. They also filed a claim
under MCL 418.354(9) to recoup the overpayment of workers'
compensation benefits made to Ross since he began receiving
disability pension benefits. The magistrate concluded that the
one-year-back rule of MCL 418.833(2) did not apply and permitted
Modern Mirror and Transcontinental to recoup the entire amount
of overpayment from the time Ross began receiving disability
pension benefits. The Workers' Compensation Appellate Commis-
sion (WCAC) concluded on appeal that MCL 418.833(2) applied,
and modified the magistrate's decision by limiting recoupment to
overpayment made in the year before Modern Mirror and Trans-
continental filed their claim. Modern Mirror and Transcontinental
appealed by leave granted.

The Court of Appeals *held*:

The WCAC did not err by limiting the recoupment of overpay-
ment as provided in MCL 418.833(2). While it is undisputed that
MCL 418.354(9) applies, creating a right to recoup the overpay-
ment resulting from Ross's receipt of disability pension benefits,
MCL 418.833(2) is a statute of limitations restricting that right to
the recoupment of overpayment made within one year before the
action to recoup was taken. These statutes are clear and unam-
biguous, and do not conflict.

Affirmed.

WORKERS' COMPENSATION — OVERPAYMENT OF BENEFITS — RECOUPMENT OF
BENEFITS — LIMITATION OF ACTIONS.

An employer's or insurance carrier's right to recoup the overpay-
ment of workers' compensation benefits resulting from the pay-
ment of disability pension benefits or similar benefits is limited to

the recoupment of overpayment made within one year before the employer or carrier takes action to recover the overpayment of benefits (MCL 418.354[9], 418.833[2]).

*Carey, Kirk, Emmons & Kihm* (by *Gary C. Newton*) for Dennis R. Ross.

*Plunkett & Cooney, P.C.* (by *Phillip D. Churchill, Jr.*), for Modern Mirror & Glass Company and Transcontinental Insurance Company.

Before: TALBOT, P.J., and WHITE and WILDER, JJ.

TALBOT, P.J. Defendants appeal by leave granted the May 5, 2004, order of the Workers' Compensation Appellate Commission (WCAC) that modified a magistrate's decision regarding the application of the one-year-back rule contained in MCL 418.833(2). The WCAC concluded that, under that statute, defendants could only recoup the amount of benefits overpaid to plaintiff in the year before they filed their recoupment action. We affirm. This appeal is being decided without oral argument pursuant to MCR 7.214(E).

The basic facts in this case are not in dispute. In 1991, plaintiff suffered a serious work-related injury to his right ankle. He has received workers' compensation benefits from defendants since that time. At some point in the 1990s, plaintiff also began receiving disability pension benefits, retroactive to May 1992. In 2002, defendants began reducing plaintiff's weekly workers' compensation benefits in light of the disability pension benefits received by plaintiff.

In April 2002, pursuant to MCL 418.354(9),[1] defendants filed a claim for recoupment of overpayment made to plaintiff since he began receiving disability

---

[1] MCL 418.354(9) provides:

pension benefits. In the proceedings below, plaintiff stipulated the fact that his workers' compensation benefits may be coordinated with the disability pension benefits. But plaintiff contended that, pursuant to MCL 418.833(2),[2] defendants could only recoup overpayment made in the year before they filed their claim for recoupment.

The magistrate found MCL 418.833(2) inapplicable, and concluded that defendants could recoup the entire amount of overpayment made from the time plaintiff began receiving disability pension benefits. The magistrate relied on a prior WCAC decision, *Autry v Hyatt Corp*, 1994 Mich ACO 492, in which the WCAC noted that MCL 418.354(9) contained no limitation on how far back in time recoupment may occur, and concluded that

Except as otherwise provided in this section, any benefit payments under the social security act, or any fund, policy, or program as specified in subsection (1) which the employee has received or is receiving after March 31, 1982 and during a period in which the employee was receiving unreduced compensation benefits under section 351, 361, or 835 shall be considered to have created an overpayment of compensation benefits for that period. The employer or carrier shall calculate the amount of the overpayment and send a notice of overpayment and a request for reimbursement to the employee. Failure by the employee to reimburse the employer or carrier within 30 days after the mailing date of the notice of request for reimbursement shall allow the employer or carrier with the approval of the bureau to discontinue 50% of future weekly compensation payments under section 351, 361 or 835. The compensation payments withheld shall be credited against the amount of the overpayment. Payment of the appropriate compensation benefit shall resume when the total amount of the overpayment has been withheld.

[2] MCL 418.833(2) states that "[w]hen an employer or carrier takes action to recover overpayment of benefits, no recoupment of money shall be allowed for a period which is more than 1 year prior to the date of taking such action."

the specific recoupment provision of that statute superseded the more general one-year-back rule of MCL 418.833(2).

Plaintiff appealed the magistrate's decision to the WCAC. The WCAC acknowledged that the *Autry* decision had not been overruled and had been followed by some panels of the WCAC. However, the WCAC also noted that other panels of the WCAC had come to contrary conclusions. Therefore, the WCAC characterized the vitality of *Autry* as "debatable." The WCAC then concluded that the one-year-back rule should apply and that the magistrate's decision should be modified in that regard. This Court granted defendants' application for leave to appeal.

The WCAC must review the magistrate's decision under the "substantial evidence" standard, while this Court reviews the WCAC's decision under the "any evidence" standard. *Mudel v Great Atlantic & Pacific Tea Co*, 462 Mich 691, 709; 614 NW2d 607 (2000). Review by this Court begins with the WCAC's decision, not the magistrate's. *Id.* If there is any evidence supporting the WCAC's factual findings, and if the WCAC did not misapprehend its administrative appellate role in reviewing the magistrate's decision, then this Court should treat the WCAC's factual findings as conclusive. *Id.* at 709-710. This Court reviews de novo questions of law in any WCAC order. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000). A decision of the WCAC is subject to reversal if it is based on erroneous legal reasoning or the wrong legal framework. *Id.* at 401-402.

In this case, it is not in dispute that MCL 418.354(9) is applicable. The question is whether defendants' right to recoupment under that statute is limited by MCL 418.833(2).

When faced with questions of statutory interpretation, the courts must discern and give effect to the Legislature's intent as expressed in the words in the statute. *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002). If the language is unambiguous, it must be presumed that the Legislature intended the meaning clearly expressed, and no further judicial interpretation is permitted; the statute must be enforced as written. *Id.* However, apparently plain statutory language can be rendered ambiguous by its interaction with other statutes. *Stanton v Battle Creek*, 237 Mich App 366, 371; 603 NW2d 285 (1999), aff'd 466 Mich 611 (2002).

In this case, we find no ambiguity in the statutes, and we agree with the conclusion reached by the WCAC. Section 354(9) provides that the disability pension benefits received by plaintiff created an "overpayment," and that defendants may take action to recoup the overpayment. Section 833(2) provides that when an employer "takes action to recover overpayment," no recoupment of money is allowed for a period more than one year before the date the employer took action. As this Court stated in *Ackerman v Gen Motors Corp*, 201 Mich App 658, 660; 506 NW2d 622 (1993), "[s]ection 833(2) is a statute of limitations." In our opinion, the statutes are clear and unambiguous. Section 354(9) creates a right to recoup an overpayment, and § 833(2) limits that right to the recoupment of overpayment made within one year before taking action.

Defendants argue that the statutes should be interpreted in such a manner that the more specific provisions of § 354(9) should supersede the general provisions of § 833(2). However, such a rule of statutory construction is only applicable if there is a conflict or inconsistency between the statutes. See *Szyszkoski v*

*City of Lansing,* 64 Mich App 94, 97; 235 NW2d 72 (1975). As discussed, § 354(9) creates a right to recoupment, and § 833(2) is the statute of limitations restricting that right to recoupment to one year back. We see no conflict. Simply because § 354(9) creates a right to recoupment of an overpayment and contains no limitation on the enforcement of that right, it is not in conflict with § 833(2), which, as this Court stated in *Ackerman,* is a statute of limitations pertaining to that right to recoupment.

To the extent a rule of statutory construction should be invoked, the rule of *in pari materia* is more appropriate. Statutes that relate to the same subject must be read together as one, even if they contain no reference to one another. *Travelers Ins v U-Haul of Michigan, Inc,* 235 Mich App 273, 279-280; 597 NW2d 235 (1999). If the Court can construe the two statutes so that they do not conflict, that construction should control. *Id.* at 280. In this case, § 354(9) and § 833(2) both relate to "overpayment" by an employer under the Worker's Disability Compensation Act, and, as discussed, we see no conflict in the plain language of the statutes. However, defendants' interpretation would create a conflict by allowing an employer to recoup several years of overpayment under § 354(9) despite the limitation on the recoupment of "overpayment" contained in § 833(2). As a result, defendants' interpretation violates the rule of *in pari materia.*

In their brief, defendants cite portions of this Court's opinion in *Ackerman, supra* at 660, in which the Court held that the defendant employer was entitled to recoup the "entire overpayment." However, *Ackerman* is distinguishable and does not stand for the broad proposition that an "entire overpayment" may be recouped.

In *Ackerman,* the defendant paid the plaintiff a lump sum in October 1985 representing benefits that had

accrued from 1978 to that time. Soon thereafter, the defendant realized it had overpaid the plaintiff. In December 1985, the defendant petitioned for recoupment. The WCAC concluded that, by operation of § 833(2), the defendant was not entitled to recoup the entire overpayment, but only the overpayment for benefits due during the one year before the defendant took action for recoupment. This Court reversed, concluding that the defendant "may recoup the entire overpayment." *Id.* at 660, 662. The Court reasoned that § 833(2) does not limit recoupment to benefits that had become due in the year before the defendant took action, but to benefits that had actually been overpaid in the year before the defendant took action. In *Ackerman*, because the entire overpayment was made to the plaintiff in one lump sum in the year before the defendant took action, the entire overpayment could be recouped.

*Ackerman* is distinguishable from the instant case in two aspects. First of all, the overpayment in *Ackerman* did not arise pursuant to § 354(9). Therefore, *Ackerman* does not support defendant's position that § 354(9) allows for the recoupment of an entire overpayment. More importantly, in *Ackerman* the entire overpayment made by the defendant occurred within one year before the defendant took action to recoup the overpayment. Therefore, the limitation set forth in § 833(2) was simply not applicable, and the defendant was entitled to recoup the entire overpayment. In the instant case, defendant seeks to recoup overpayment made more than one year before the recoupment action, a situation not at issue in *Ackerman*.

The WCAC did not err in limiting defendants' right to recoup overpayment as provided in § 833(2).

Affirmed.