# STATE OF MICHIGAN

# COURT OF APPEALS

RUBEN CASTRO and CHRISTY CASTRO,

        Plaintiffs- Appellants,

V

JAMES ALAN GOULET, MD and JAMES
ALAN GOULET MD, PC,

        Defendants-Appellees,

and

STEPHEN R. TOLHURST,

        Defendant.

FOR PUBLICATION
August 20, 2015

No. 316639
Washtenaw Circuit Court
LC No. 13-000138-NH

---

Before: RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

Wilder, J. (*dissenting*).

I respectfully dissent.

In *Tyra v Organ Procurement Agency of Mich*, ___ Mich ___, ___; ___ NW2d ___ (2015) (Docket Nos. 148079, 148087, 149344); slip op at 21, our Supreme Court reiterated that:

> Although a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely NOI and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but *before* the period of limitations has expired. [Emphasis added.]

This holding by the Supreme Court reflects the rule of law, established in *Scarsella v Pollak*, 461 Mich 547, 549-550; 607 NW2d 711 (2000), that "for statute of limitations purposes in a medical malpractice action case, the mere tendering of a complaint without the required affidavit of merit [("AOM")] is insufficient to commence the lawsuit."

In the instant case, when plaintiffs filed their complaint on February 4, 2013, they did not file an AOM. Thus, the action against defendants did not commence on February 4, 2013. However, plaintiffs filed a motion to extend the time for filing the requisite AOM pursuant to MCL 600.2912d(2). The trial court granted that motion on March 8, 2013, and the majority concludes that the granting of that motion operated retroactively to toll the running of the statute

-1-

of limitations, such that "plaintiffs acted properly pursuant to both statute and case law," and plaintiffs' complaint is deemed timely filed. I respectfully disagree.

The period of limitations for an action charging malpractice is two years. MCL 600.5805(6). Plaintiffs allege that malpractice by the defendants occurred on February 9, 2011. Thus, the statute of limitations for defendants' alleged malpractice, absent tolling, was scheduled to expire on February 9, 2013. This means that plaintiffs were required to commence their action against defendants by February 9, 2013, unless the running of the limitations period was tolled by virtue of some action taken by plaintiffs. There is no dispute that plaintiffs' action was not commenced by February 9, 2013. There is also no dispute that, as of February 9, 2013, the running of the statute of limitations had not been tolled. Thus, as in *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 709; 620 NW2d 319 (2003), plaintiffs' efforts to remedy their failure to file their AOM with the complaint—in this case, the filing and ultimate granting of a motion to extend the time for filing an AOM pursuant to MCL 600.2912d(2)—were, unfortunately, insufficient because their efforts culminated *beyond* the limitations period.

The majority concludes that this application of *Scarsella* and its progeny renders MCL 600.2912d(2) nugatory. I disagree. As statutes sharing a common purpose, MCL 600.2912d(2) and MCL 600.5805(6) must be read together as one and construed in a way that produces a harmonious whole. *Basic Prop Ins Ass'n v OFIR*, 288 Mich App 552, 559-560; 808 NW2d 456 (2010) ("When construing statutes, the terms of statutory provisions with a common purpose should be read *in pari materia*. . . . Conflicting provisions of a statute must be read together to produce an harmonious whole and to reconcile any inconsistencies wherever possible." [Quotation marks and citations omitted.]); *Ross v Modern Mirror & Glass Co*, 268 Mich App 558, 563; 710 NW2d 59 (2005) ("Statutes that relate to the same subject must be read together as one, even if they contain no reference to one another."). In my judgment, construing MCL 600.2912d(2) in a manner which requires a plaintiff to obtain a court order granting the extension to file the AOM *before* the statute of limitations expires, such that the cause of action against a defendant is *commenced before* the statute of limitations expires, gives meaning to both statutes.

The defining principle of law is that an action must be commenced before the period of limitations for that cause of action expires. See MCL 600.5805(1) ("A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is *commenced* within the periods of time prescribed by this section." [Emphasis added.]); *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36, 40; 709 NW2d 589 (2006); *Gladych v New Family Homes, Inc*, 468 Mich 594, 598; 664 NW2d 705 (2003), superseded by statute on other grounds. Operating together, it is clear that the statutes underlying medical malpractice claims respect that defining principle of law. Under MCL 600.5856(c), the filing of a notice of intent to file suit tolls the running of the statute of limitations. *Tyra*, ___ Mich at ___; slip op at 7. Upon expiration of the notice period, the period of limitations begins running anew, cf. *Gladych*, 468

Mich at 603-604,[1] and the filing of a complaint and affidavit of merit, MCL 600.2912d(1), or the granting of a motion for an extension of time to file the AOM, MCL 600.2912d(2), once again operate to toll the running of the statute of limitations. *Tyra*, ___ Mich at ___; slip op at 7; *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 229; 561 NW2d 843 (1997). However, each effort to toll the running of the statute of limitations, as well as the commencement of plaintiffs' cause of action, must occur before the statute of limitations expires.[2]

The majority holds that construing MCL 600.2912d(2) to mean something other than that "the 28-day period must run from the date the complaint is filed, irrespective of when the motion is granted," would "make a plaintiff's rights turn not on the substance of the case or the plaintiff's compliance with the procedures established by the Legislature, but rather purely on the vagaries of when the trial court, or more likely not even the court but rather a docketing clerk, chooses to hear or docket the motion." Again, I respectfully disagree. It is apparent from this record that plaintiffs did not use the means that they had available to them, which, if used, could have prevented the expiration of the statute of limitations before their motion to extend was granted. Pursuant to MCR 2.119(C), a trial court may adjust the time for service and filing of motions and responses "for good cause." Notably, plaintiffs did not request an expedited hearing of their motion to extend the time for filing the AOM, and they failed to emphasize on the cover page of their motion pleading that there was an urgency in hearing the pending motion because the statute of limitations would expire on February 9, 2013.[3] Rather than a vagary, it is not an onerous expectation that a plaintiff in this circumstance would make more than a modicum of effort to seek an expedited hearing date from a trial court and

---

[1] Rather than as precedent binding in the instant case, I cite to *Gladych* merely to illustrate, by analogy, that the statute of limitations begins running anew after previously being properly tolled for some period of time.

[2] Moreover, although in *Pryber v Marriott Corp*, 98 Mich App 50, 56-57; 296 NW2d 597 (1980), this Court concluded that the Legislature, through the enactment of a retroactive law, may revive a cause of action which has already been barred by the application of a previously existing statute of limitations, I am unable to find any case law, and the majority cites to none, which supports the proposition that a cause of action barred by the application of an expired statute of limitations, because that action was not timely commenced, may be subsequently revived by action of a court of law.

[3] Not only did the cover page of plaintiffs' motion not contain any information that would have alerted the trial court or the docketing clerk that the motion required urgent attention, the contents of the motion stated only the following with regard to the urgency attendant to the filing of the motion: On page three of the motion, plaintiffs stated that "it appears that the [AOM] shall not be prepared until after February 8, 2013," due to the expert's busy schedule. Also on page three, plaintiffs explained that, "[a]lthough it may appear [that] the filing of this medical malpractice action was held to the last possible time," they waited to file their claim because plaintiff Ruben Castro had been informed that his symptoms would cease some number of weeks or months after the surgery, and he still suffered from the condition "just short of two [2] years from the date of surgery on February 9, 2011." While plaintiffs hint at a statute of limitations problem, plaintiffs' pleading did not expressly identify this impending problem for the trial court.

docketing clerk, neither of which can be reasonably expected, without prompting by the moving party, to read through every pleading filed in the trial court in order to recognize that a particular matter requires urgent attention. Thus, contrary to the majority, I would find that plaintiffs failed to make reasonable efforts to request that the trial court suspend the normal time limits imposed under MCR 2.119(C) due to the impending expiration of the statute of limitations, and that the facts of this case do not warrant holding either the trial court or the docketing clerk responsible for plaintiffs' failure to commence their cause of action against defendants in a timely manner.

Contrary to the majority's findings, I would find that: 1) because plaintiffs did not file the AOM with the complaint on February 4, 2013, the lawsuit was not commenced under *Scarsella*; 2) under *Ligons* and *Barlett*, the filing of the motion to extend time for filing the AOM had no tolling effect; and 3) because the statute of limitations expired on February 9, 2013, before it granted the motion to extend, the trial court properly found that its March 8, 2013 order had no tolling effect.

I would affirm.


/s/ Kurtis T. Wilder