# STATE OF MICHIGAN

# COURT OF APPEALS

---

WILLIAM S. JENKS,

        Petitioner-Appellant,

v

DEPARTMENT OF TREASURY,

        Respondent-Appellee.

UNPUBLISHED
June 15, 2017

No. 332787
Tax Tribunal
LC No. 15-004522-TT

---

Before: SWARTZLE, P.J., and SAAD and O'CONNELL, JJ.

PER CURIAM.

Petitioner appeals from the Michigan Tax Tribunal's order granting summary disposition to respondent, under MCL 2.116(C)(4), (7), and (10), finding that petitioner's claim for a refund was a "collateral attack" on a final assessment barred by MCL 205.22(4) and (5). We affirm.

The underlying facts of this tax dispute were set out in detail in a recommendation by Referee Regina Blough following an informal conference between petitioner and respondent.[1] The salient facts are summarized here. Petitioner William Jenks was the president of Jenks Plumbing and Heating Inc. Jenks Plumbing failed to pay certain taxes to the Department of Treasury (respondent or the Department) for many years. Respondent assessed those delinquent taxes against petitioner personally as a responsible person under MCL 205.27a. Petitioner could have challenged the assessments by filing an appeal with the Michigan Tax Tribunal (the Tribunal) within 35 days of the final assessment or by filing an appeal with the Court of Claims within 90 days of the final assessment. MCL 205.22(1). Petitioner missed both deadlines and tax liens were issued against him personally for more than $70,000.

Petitioner then paid a divisible portion of each of the 16 withholding tax assessments in an effort to challenge all of the assessments by submitting a claim for refund with respondent under MCL 205.30. Respondent denied the claim, concluding that petitioner's claim was a "collateral attack" of the final assessments, barred by MCL 205.22(4) and (5). Petitioner appealed that decision to the Tribunal. The Tribunal dismissed petitioner's appeal under MCR 2.116(C)(4), (7), and (10), concluding that, once the time for appeal of the assessments had

---

[1] Department of Treasury Hearings Division Docket No. 20142441.

-1-

expired, the assessments became final and could not be attacked via the refund procedure set forth in MCL 205.30. As we explain below, we agree with the Tribunal.

Absent fraud, this Court's review of a Tribunal decision is limited to determining whether it made an error of law or adopted a wrong legal principle. *Meijer, Inc v City of Midland,* 240 Mich App 1, 5; 610 NW2d 242 (2000) (internal citations omitted). The Tribunal's factual findings are upheld unless they are not supported by competent, material, and substantial evidence. *Id*. We review "a grant of summary disposition de novo." *Peters v Dep't of Corrections*, 215 Mich App 485, 486; 546 NW2d 668 (1996).

"The interpretation and application of a statute constitutes a question of law that this Court reviews de novo." *PIC Maint, Inc*, 293 Mich App 403, 407; 809 NW2d 669 (2011). "Our overriding goal for interpreting a statute is to determine and give effect to the Legislature's intent. The most reliable indicator of the Legislature's intent is the words in the statute." *People v Peltola*, 489 Mich 174, 181; 803 NW2d 140 (2011) (internal citations omitted).

MCL 205.22 governs, inter alia, appeals of a final assessment and, in pertinent part, provides that "[a] taxpayer aggrieved by an assessment, decision, or order of the department may appeal the contested portion of the assessment, decision, or order to the tax tribunal within 35 days,[2] or to the court of claims within 90 days after the assessment, decision, or order." Under MCL 205.22(4), an "assessment, decision, or order of the department, if not appealed in accordance with this section, is final and is not reviewable in any court by mandamus, appeal, or other method of direct or collateral attack." MCL 205.22(5) reiterates:

> An assessment is final, conclusive, and not subject to further challenge after 90 days after the issuance of the assessment, decision, or order of the department, and a person is not entitled to a refund of any tax, interest, or penalty paid pursuant to an assessment unless the aggrieved person has appealed the assessment in the manner provided by this section.

MCL 205.30 governs the procedure by which a taxpayer may request a refund and provides: "The department shall credit or refund an overpayment of taxes; taxes, penalties, and interest erroneously assessed and collected; and taxes, penalties, and interest that are found unjustly assessed, excessive in amount, or wrongfully collected with interest." MCL 205.30(1). As relevant to the instant dispute, MCL 205.27a(2) provides that the taxpayer must file the claim for refund within 4 years of the date the original return was required to be filed.

On appeal, petitioner argues that respondent improperly denied his claim for a refund under MCL 205.30. Petitioner claims that, because there is no evidence that he was responsible for the taxes at issue, respondent unjustly assessed the tax against him. Although petitioner acknowledges that the deadline to appeal the final assessments under MCL 205.22 has passed, petitioner contends that MCL 205.22 is irrelevant to this dispute. According to petitioner, his

---

[2] MCL 205.22(1) was subsequently amended by 2015 PA 79 to extend the time limit to file an appeal with the Tribunal from 35 to 60 days.

payment of a divisible portion of the assessments at issue entitled him to challenge the underlying assessments as "unjustly assessed" through the refund procedure set forth in MCL 205.30, regardless of MCL 205.22. We disagree.

The record establishes that petitioner did not avail himself of the 35-day window to file an appeal of the final assessments with the Tribunal or of the 90-day window to file an appeal with the Court of Claims, as provided by MCL 205.22(1). MCL 205.22(4) and (5) state that, if a taxpayer does not timely avail himself of his right to appeal with either the Tribunal or the Court of Claims, the assessment becomes final. MCL 205.22(4) clarifies that, once the assessment has been finalized, it "is *not* reviewable in *any* court" or by any method of "collateral attack." (Emphasis added). Petitioner admits that his purpose in filing the refund claim was to challenge the underlying assessment. Accordingly, petitioner has plainly admitted to attacking collaterally the assessment, an action barred by MCL 205.22(4) for petitioner's failure to avail himself of his appeal rights.

Petitioner urges this Court to conclude that, because MCL 205.30 establishes a refund procedure that allows a taxpayer to seek a refund for a tax "unjustly assessed," a refund claim, even outside the time window for an appeal, is not the type of "collateral attack" contemplated by MCL 205.22(4). Petitioner claims that this Court would render nugatory the words "unjustly assessed" in MCL 205.30 were it to determine that a taxpayer may not challenge a conclusive assessment through a claim for refund. While it is true that this Court must avoid an interpretation that negates any portion of the statute, see *Peltola*, 489 Mich at 181, petitioner's argument overlooks MCL 205.21(5), which allows a taxpayer to pay an assessment and any interest or penalties during the pendency of his challenge of that assessment, thereby rendering his challenge of the assessment a claim for refund. "[U]njustly assessed" in MCL 205.30 is not rendered nugatory by determining that MCL 205.22(4) bars, as a collateral attack, a refund claim which challenges a conclusive assessment, because, under that interpretation, a petitioner may still seek a refund for an assessment unjustly assessed before the assessment becomes conclusive.

Rather, it is the interpretation that petitioner urges that tramples upon traditional rules of statutory interpretation. MCL 205.22(5) states that, after an assessment has become conclusive, "a person *is not entitled to a refund* of any tax, interest, or penalty paid pursuant to an assessment *unless the aggrieved person has appealed the assessment*" (emphasis added) through the procedures and within the time limits set by MCL 205.22(1). To adopt petitioner's interpretation, we must either ignore the Legislature's plain expression that a taxpayer is *not* entitled to *any* refund after an assessment becomes final, or we must write in an exception to that rule for a refund seeking to attack an assessment as unjust. Applicable rules of statutory construction prevent us from doing either and mandate that this Court reject petitioner's construction. See *Ross v Modern Mirror & Glass Co*, 268 Mich App 558, 562 710 NW2d 59 (2005) (stating that this Court must enforce the plain meaning of the statute as written).

For these reasons, we hold that petitioner's attempt to challenge a conclusive assessment through a claim for refund was barred by MCL 205.22(4) and (5) and that the Tribunal did not err by granting summary disposition to respondent under MCR 2.116(C)(4), (7), and (10).

Affirmed.

/s/ Brock A. Swartzle
/s/ Henry William Saad
/s/ Peter D. O'Connell