*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

IESHA FISHER,

        Plaintiff-Appellee,

v

KALAMAZOO REGIONAL PSYCHIATRIC
HOSPITAL and STATE OF MICHIGAN,

        Defendants-Appellants.

FOR PUBLICATION
September 10, 2019
9:00 a.m.

No. 343283
MCAC
LC No. 15-000038

Before: SWARTZLE, P.J., and GLEICHER and M. J. KELLY, JJ.

SWARTZLE, P.J.

Sometimes an employee will be overpaid worker's disability compensation benefits. This can create several types of unfairness—unfairness to the employer or insurance carrier that paid more than it should have, and unfairness to the employee who may have come to rely on the higher payment and now must adjust to a lower payment and, indeed, possibly reimburse the employer or carrier.

How best to minimize the resulting unfairness is a policy question. One way would be to require an employee to reimburse the full overpayment only if the employee engaged in fraud. Another way would be to limit the reimbursement to the amount overpaid within the year prior to the recoupment action. The Michigan Compensation Appellate Commission adopted the former policy, while our Legislature adopted the latter policy. Under separation-of-powers principles, we conclude that the Commission lacked any legal authority to adopt its policy and reverse.

## I. BACKGROUND

Defendants, Kalamazoo Regional Psychiatric Hospital and the state of Michigan, appeal by leave granted the decision of the Michigan Compensation Appellate Commission affirming the magistrate's opinion and order denying defendants' petition for recoupment of benefits overpaid to plaintiff, Iesha Fisher. See *Fisher v Kalamazoo Regional Psychiatric Hosp*, unpublished per curiam order of the Court of Appeals, entered October 1, 2018 (Docket No. 343283).

-1-

The facts are few and not in dispute. Plaintiff sustained a workplace injury, and her employer voluntarily paid her worker's disability compensation benefits. Defendants later filed a petition for recoupment of benefits, seeking reimbursement of an alleged overpayment. Defendants asserted that plaintiff received weekly compensation benefits for approximately three months, but that defendants paid those benefits at an incorrect rate, resulting in an overpayment to plaintiff. The magistrate held a hearing on the petition for recoupment, and plaintiff did not appear at the hearing, despite the fact that she was provided with notice of that hearing.

The magistrate entered an order denying defendants' petition. The magistrate observed that the Commission had previously held in several administrative cases that when an employer or carrier voluntarily but mistakenly overpaid a claimant, it could not recoup the overpayment without proving that the overpayment resulted from the employee's fraudulent act. The magistrate found that defendants failed to establish that the overpayment occurred because of any fraud by plaintiff.

Defendants appealed to the Commission, arguing that an employer or carrier has a right to recoup an overpayment of benefits under MCL 418.354(9) and *Ross v Modern Mirror & Glass Co*, 268 Mich App 558; 710 NW2d 59 (2005). Defendants argued that they were only limited by the one-year back rule of MCL 418.833(2), and the Worker's Disability Compensation Act, MCL 418.101 *et seq.* (WDCA), did not limit an employer's or carrier's right of recoupment to only those instances in which the employee fraudulently obtained the overpayment.

The Commission disagreed, finding that the circumstances of this case were distinguishable from *Ross*, which involved an overpayment to an employee because of the lack of coordination of the claimant's disability pension benefits with the worker's disability compensation benefits as required under MCL 418.354. The Commission also noted that denial of defendants' petition would neither discourage voluntary payment of claims nor result in unnecessary disputes and delays of payments because defendants had a clear duty to make professional and prompt evaluation of worker's compensation claims and apply the correct rate.

Defendants appealed.

II. ANALYSIS

On appeal, defendants do not argue that plaintiff engaged in fraud or that the Commission made erroneous factual findings. Rather, defendants ask us to consider a pure question of law—Is the right to recoup the overpayment of disability compensation benefits from an employee subject to the condition that the employee engaged in fraud to obtain the overpayment?

This Court reviews de novo questions of law with respect to a final order of the Commission. *DiBenedetto v West Shore Hosp*, 461 Mich 394, 401; 605 NW2d 300 (2000). The relevant legal framework is set forth in the WDCA. When construing a statute, this Court presumes that the Legislature "intend[ed] the meaning clearly expressed, and this Court must give effect to the plain, ordinary, or generally accepted meaning of the Legislature's terms." *D'Agostini Land Co LLC v Dep't of Treasury*, 322 Mich App 545, 554; 912 NW2d 593 (2018) (citation omitted).

Under our Constitution, state departments, agencies, and commissions do not have general lawmaking authority. This authority is found, rather, in the Legislature. Const 1963, art 4, § 1. (One possible exception to this separation-of-powers principle is the recently adopted "independent citizens redistricting commission" found in Article 5, § 2, but that commission is not relevant here.) With respect to worker's disability compensation, the Legislature enacted the WDCA, within which it granted and defined the Commission's limited authority to "handle, process, and decide appeals from orders of the director and hearing referees and the orders and opinions of the worker's compensation magistrates." MCL 418.274(1).

Under the WDCA, the right of an employer or carrier to seek reimbursement from an employee for an overpayment of benefits has long been recognized by courts. See, e.g., *McAvoy v HB Sherman Co*, 401 Mich 419, 449-450 n 11; 258 NW2d 414 (1977) (explaining that MCL 418.833(2) "originally was designed and passed . . . to provide for the *recoupment* of benefits overpaid"); *Ackerman v General Motors Corp*, 201 Mich App 658, 660-661; 506 NW2d 622 (1993) (same). This is consistent with the oft-repeated principle that the WDCA does not authorize double compensation to an injured employee, *Reidenbach v Kalamazoo*, __ Mich App __, __; __ NW2d __ (2019) (Docket No. 340863), slip op at 4, because double recovery by an employee "is repugnant to the very principles of workers' compensation," *Hiltz v Phil's Quality Market*, 417 Mich 335, 350; 337 NW2d 237 (1983).

And yet, as previously recognized, seeking reimbursement for overpayment could result in some hardship to the employee. One way that the Legislature has alleviated this hardship is with a one-year statute of limitations. Under MCL 418.833(2), "When an employer or carrier takes action to recover overpayment of benefits, no recoupment of money shall be allowed for a period which is more than 1 year prior to the date of taking such action." Thus, while an employee who, through no fault of her own, may have to reimburse her employer for an overpayment of benefits, the financial impact to the employee is limited to a one-year period. See *Ross*, 268 Mich App at 562 (recognizing that the one-year limit was a statute of limitations that applied to overpayment of benefits).

To provide additional relief to employees, the Commission has further qualified the right of reimbursement by strictly limiting it to cases where the employee engaged in fraud to obtain the overpayment. Yet, nowhere in the act is there a requirement that an employer or carrier show that the employee engaged in fraud before seeking reimbursement for an overpayment. Nor was the rule adopted by formal rulemaking under delegated authority pursuant to the Administrative Procedures Act, MCL 24.201 *et seq*.

Instead of relying on statutory authority, the Commission created the fraud requirement out of whole cloth in *Whirley v JC Penney Co, Inc*, 1997 ACO #247. In this decision, the Commission opined, "[I]t seems to us that voluntarily made payments, in the absence of any fraudulent behavior, should remain undisturbed." The Commission made this pronouncement without further explanation or citation to authority, and subsequent decisions of the Commission have simply relied on *Whirley* as support.

In crafting and applying this employee-fraud requirement, the Commission exceeded its statutory authority. As explained by our Supreme Court on several occasions, " 'The power and authority to be exercised by boards or commissions must be conferred by clear and unmistakable

language, since a doubtful power does not exist.' " *Consumers Power Co v Pub Serv Comm*, 460 Mich 148, 155-156; 596 NW2d 126 (1999) (quoting *Mason Co Civic Research Council v Mason Co*, 343 Mich 313, 326-327; 72 NW2d 292 (1955)).  Neither the act nor any promulgated rule entrusted the Commission with crafting an employee-fraud requirement to a recoupment action. Whether the requirement might be sound public policy is neither for the Commission nor this Court to decide, but instead is left solely to the Legislature.  Const 1963, art 4, § 1; see also *People v Babcock*, 343 Mich 671, 679-680; 73 NW2d 521 (1955); *D'Agostini*, 322 Mich App at 560.

Accordingly, we reverse the Commission's decision in this case and remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Brock A. Swartzle
/s/ Elizabeth L. Gleicher
/s/ Michael J. Kelly